## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALIRO ALEMAN<br>9576 Hagel Circle<br>Lorton, Virginia 22079<br><br>***On Behalf of Himself and***<br>***All Others Similarly Situated***<br><br>PLAINTIFF,<br><br>v.<br><br>MONUMENT CONSTRUCTION<br>CORPORATION OF DC<br>1090 Vermont Avenue, NW, Suite 800<br>Washington, DC 20005<br><br>SERVE REGISTERED AGENT:<br>Pravin M. Dalsania<br>13517 Gresham Court<br>Bowie, Maryland 20720<br><br>and<br><br>PRAVIN M. DALSANIA<br>13517 Gresham Court<br>Bowie, Maryland 20720<br><br>DEFENDANTS. | Civil Action No.: |

### COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Aliro Aleman ("Plaintiffs"), by and through undersigned counsel, on behalf of

himself and all others similarly situated, hereby complains against Defendants Monument

Construction Corporation of DC ("Monument") and Pravin M. Dalsania ("Dalsania") (together,

"Defendants"), to recover damages under the Federal Fair Labor Standards Act of 1938, as

amended, 29 U.S.C. §§ 201 *et seq*. ("FLSA"); the Maryland Wage and Hour Law, Maryland

Code Annotated, Labor and Employment Article §§ 3-401 *et seq*. ("MWHL"); the D.C.

Minimum Wage Act Revision Act of 1992, D.C. Code §§ 32-1001 *et seq*. ("DCMWA"); the

Maryland Wage Payment and Collection Law, Maryland Code, Labor and Employment Article

§§ 3-501 *et seq*. ("MWPCL"); the D.C. Wage Payment and Wage Collection Act, D.C. Code §§

32-1301 *et seq*. ("DCWPA"), and for other damages as set forth below.

## PARTIES AND JURISDICTION

1.        Plaintiff is an adult resident of the Commonwealth of Virginia.  Plaintiff's written

consent to participate in this lawsuit is attached hereto as Exhibit 1.

2.        Monument is a corporation formed under the laws of the District of Columbia

with its principal place of business in Bowie, Maryland.  Monument regularly engages in

providing government contract construction services throughout Maryland, the District of

Columbia, and Virginia.  Dalsania is, on information and belief, the President and principal

owner of the Monument.  At all times relevant, Defendants were Plaintiff's "employers" for

purposes of the FLSA, MWHL, DCMWA, MWPCL and DCWPA.

3.        During Plaintiff's employment, Monument was engaged in commerce or in the

production of goods for commerce within the meaning of § 3(s)(1) of the FLSA (29 U.S.C.

§ 203(s)(1)).  At all times relevant, Monument qualified as an "enterprise" within the meaning of

§ 3(r) of the FLSA (29 U.S.C. § 203(r)).  At all times relevant, Plaintiff was an employee

engaged in commerce or the production of goods for commerce as required by 29 U.S.C. §§ 206-

207.  At all times relevant, Dalsania was Plaintiff's supervisor and determined Plaintiff's rate and

method of pay.

4.        This Court has jurisdiction over Defendants pursuant to § 16(b) of the FLSA, 29

U.S.C. § 216(b), and 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under

any Act of Congress regulating commerce."  Subject matter jurisdiction is invoked under 28

U.S.C. § 1331 (Federal Question).  Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b).

## FACTS

5.          Plaintiff was employed by Defendants from September 23, 2005 through June 12, 2009.  At all times relevant, Plaintiff worked solely for Defendants as a full time employee and had no other employment.  At all times, Plaintiff worked for Defendants exclusively as a carpenter performing carpenter services at Defendants' construction sites in Maryland, the District of Columbia, and Virginia.  While in Defendants' employ, Plaintiff regularly worked over forty (40) hours per week but was not compensated at the rate prescribed by law for overtime work.

6.          During his term of employment with Defendants, Defendants' promised to pay Plaintiff at the hourly rate prescribed for carpenter work by the Davis Bacon Act, 40 U.S.C.A. § 3141, *et seq.* ("Davis Bacon").  The carpenter rate, as mandated by Davis Bacon, was:  $29.12 (May 1, 2006 – April 30, 2007); $30.52 (May 1, 2007 – April 30, 2008); $31.92 (May 1, 2008 – April 30, 2009); $33.38 (May 1, 2009 – Present).  *Id.*

7.          Despite Defendants' promise to pay Plaintiff at the rate prescribed for carpenters by Davis Bacon, Defendants' failed and refused to pay Plaintiff at his promised rate for hours worked.  Instead, Defendants regularly paid Plaintiff at a rate lower than the carpenter rate designated by Davis Bacon.

8.          At all times while in Defendants' employ, Plaintiff only performed the work duties of a carpenter.  Plaintiff regularly preformed carpenter duties for Defendants in Maryland, the District of Columbia, and Virginia.

9.          While in Defendants' employ, Plaintiff regularly worked hours in excess of forty

(40) hours per week.  Defendants, however, regularly failed and refused to pay Plaintiff at the

rate of one-and-one-half (1½) times his promised carpenter rate for hours worked per week in

excess of forty.

10.          At no time while in Defendants' employ did Plaintiff perform work that meets the

definition of exempt work under the FLSA, MWHL, or DCMWA.

11.          Defendants' failure and refusal to pay Plaintiff all wages promised and overtime

at the overtime rate prescribed by law was willful, intentional, and not in good faith.

## OTHER PUTATIVE PLAINTIFFS

12.          Plaintiff is aware of other current and former employees of Defendants who are

similarly situated in that they: (1) worked many hours of overtime for Defendants; (2) were not

paid for overtime hours as prescribed by law; (3) did not perform work which would qualify

them as exempt from the overtime requirements of the FLSA, MWHL, or DCMWA, and (4)

were not paid all wages promised for work duties performed.

## CAUSES OF ACTION

### COUNT I
### Violation of Federal Fair Labor Standards Act
### (Overtime)

13.          Plaintiff realleges and reasserts each and every allegation set forth in Paragraphs

1-12 above, as if each were set forth herein.

14.          Section 207(a)(1) of the FLSA provides that "no employer shall employ any of

his employees ... for a workweek longer than forty hours unless such employee receives

compensation for his employment in excess of the hours above specified at a rate not less than

one and one-half times the regular rate at which he is employed."

15.         At all times, Plaintiff was an "employee" covered by the FLSA, 29 U.S.C. §

207(a)(1), and Defendants were Plaintiff's "employers" under § 207(a)(2).  Defendants, as

Plaintiff's employers, were obligated to compensate Plaintiff for overtime hours worked, at the

overtime rate of not less than one-and-one-half (1½) times Plaintiff's promised carpenter rate of

pay for overtime hours worked each week in excess of forty (40).

16.         Plaintiff worked overtime on a regular basis while in Defendants' employ but was

not paid at the rate of one-and-one-half (1½) times his promised regular hourly rate for hours

worked each week in excess of forty.  Plaintiff is entitled to, and is owed, overtime pay at the

rate of one and one-half (1½) times his promised hourly rate of pay for hours worked each week

in excess of forty (40).  Defendants have failed and refused to compensate Plaintiff (and others

similarly situated) properly and as required by law for numerous overtime hours worked.  This

failure and refusal to pay compensation as required by the FLSA was willful and intentional, and

not in good faith.

WHEREFORE, Defendants are liable, jointly and severally, to Plaintiff (and all others

similarly situated who have joined in this suit) under Count I for all unpaid overtime wages in

such amounts to be proved at trial, plus an equal amount in liquidated damages, interest (both

pre- and post-judgment), attorney's fees, the costs of this action, and any other and further relief

this Court or a jury deems appropriate.

## COUNT II
### (Violation of Maryland Wage & Hour Law)

17.         Plaintiff realleges and reasserts each and every allegation set forth in Paragraphs

1-16 above, as if each were set forth herein.

18.         At all times, Plaintiff was an "employee" and Defendants were Plaintiff's

"employer" within the meaning of the MWHL.  As his "employer," Defendants were obligated

to pay Plaintiff wages and overtime compensation under § 3-415 and § 3-420 of the MWHL. These sections require Defendants to compensate Plaintiff at the rate of one-and-one-half (1½) times his promised regular hourly rate for all hours worked per week in excess of forty (40).

19.        As set forth more fully above, Plaintiff worked many hours of overtime while working for Defendants in the State of Maryland during for which Defendants failed and refused to compensate him at the required overtime rate.  Overtime pay is therefore due and owing to Plaintiff under the MWHL.

20.        Defendants' failure to comply with their obligations under the MWHL was willful and intentional, and not in good faith.

WHEREFORE, Defendants are liable, jointly and severally, to Plaintiff (and all others similarly situated who have joined in this suit) under Count II for all unpaid overtime wages in such amounts to be proved at trial, plus interest (both pre- and post-judgment), attorney's fees, the costs of this action, and any other and further relief this Court or a jury deems appropriate.

**COUNT III**
**Violation of D.C. Minimum Wage Act Revision Act of 1992**

21.        Plaintiff realleges and reasserts each and every allegation set forth in Paragraphs 1-20 above, as if each were set forth herein.

22.        Plaintiff was an "employee," and Defendants were Plaintiff's "employers" within the meaning of the DCMWA, D.C. Code §§ 32-1001 *et seq*.  Under the DCMWA, Defendants, as Plaintiff's employers, were obligated to pay Plaintiff overtime wages at a rate not less than one-and-one-half (1½) his promised regular hourly rate for work performed each week in excess of forty (40) hours.

23.        Plaintiff regularly worked over forty (40) hours per week for Defendants while working in the District of Columbia.  Defendants, however, failed and refused to pay Plaintiff at

the overtime rate of one-and-one-half (1½) times his promised regular hourly rate for hours

worked each week in excess of forty (40).

24.        Defendants' failure and refusal to Plaintiff all overtime wages due as required by

the DCMWA was willful and intentional, was not the result of any *bona fide* dispute between

Plaintiff and Defendants, and was not in good faith.

WHEREFORE, Defendants are liable, jointly and severally, to Plaintiff (and all others

similarly situated who have joined in this suit), under Count III, for all unpaid wages in such

amounts to be proven at trial, plus liquidated damages in an equal amount, interest (both pre- and

post-judgment), attorney's fees, costs, and any other and further relief this Court or a jury deems

appropriate.

### COUNT IV
### Violation of Maryland Wage Payment and Collection Law

25.        Plaintiff realleges and reasserts each and every allegation set forth in Paragraphs

1-24 above, as if each were set forth herein.

26.        Plaintiff was an "employee," and Defendants were his "employers" within the

meaning of the MWPCL §§ 3-501, *et seq.*  Under MWPCL § 3-505, Defendants, as Plaintiff's

employers, were obligated to pay Plaintiff all wages promised for work that Plaintiff performed.

"Wage" is defined under MWPCL § 3-501(c) as "all compensation that is due to an employee for

employment" including "a bonus; a commission; a fringe benefit; or any other remuneration

promised for service."

27.        Plaintiffs worked many hours for Defendants while working in the State of

Maryland for which Defendants refused to pay Plaintiff all wages promised for job duties

performed.  Defendants owe Plaintiff back wages for job duties performed for which Plaintiff

was not paid at the rate he was promised.

28.          Defendants' failure and refusal to pay Plaintiff all wages due as required by the

MWPCL was willful and intentional, was not the result of any *bona fide* dispute between

Plaintiff and Defendants, and was not in good faith.

          WHEREFORE, Defendants are liable, jointly and severally, to Plaintiff (and all others

similarly situated who have joined in this suit), under Count IV for all unpaid wages in such

amounts as are proven at trial, plus three (3) times the amount of unpaid wages as additional

damages, interest (both pre- and post-judgment), attorney's fees, costs, and any other and further

relief this Court or a jury deems appropriate.

**COUNT V**
**Violation of D.C. Wage Payment and Wage Collection Act**

29.          Plaintiff realleges and reasserts each and every allegation set forth in Paragraphs

1-28 above, as if each were set forth herein.

30.          Plaintiff was an "employee," and Defendants were Plaintiff's "employers" within

the meaning of the DCWPA, D.C. Code §§ 32-1301 *et seq*.  Under the DCWPA § 32-1302,

Defendants, as Plaintiff's employers, were obligated to pay Plaintiff all wages promised for work

that Plaintiff performed.  "Wages" is defined under DCWPA § 32-1301(3) as, "monetary

compensation after lawful deductions, owed by an employer for labor or services rendered…"

31.          Plaintiff worked many hours for Defendants in the District of Columbia for which

Defendants' failed and refused to pay Plaintiff all wages promised for job duties performed.

Defendants owe Plaintiff back wages under the DCWPA.

32.          Defendants' failure and refusal to pay Plaintiff all wages promised as required by

the DCWPA was willful and intentional, was not the result of any *bona fide* dispute between

Plaintiff and Defendants, and was not in good faith.

          WHEREFORE, Defendants are liable, jointly and severally, to Plaintiff (and all others

similarly situated who have joined in this suit), under Count V, for all unpaid wages in such amounts to be proven at trial, plus liquidated damages in an equal amount, interest (both pre- and post-judgment), attorney's fees, costs, and any other and further relief this Court or a jury deems appropriate.

<strong><u>COUNT VI</u><br>Breach of Contract</strong>

33.        Plaintiff realleges and reasserts each and every allegation set forth in Paragraphs 1-32 as if each were set forth herein.

34.        Plaintiff and Monument entered into an employment contract.  Per the terms of the contract, Monument promised, *inter alia*, that in consideration of Plaintiff performing carpenter work for Monument, Monument would compensate Plaintiff pursuant to the payment terms agreed to.

35.        Plaintiff performed, in a workmanlike manner, all carpenter work required by Monument under the contract.

36.        Despite full performance by Plaintiff, Monument failed and refused to pay Plaintiff as required by the employment contract.

37.        Monument's failure to pay Plaintiff breached the contract and caused Plaintiff to suffer damages as a consequence thereof.

WHEREFORE, Monument is liable to Plaintiff under Count VI for damages in such an amount to be proven at trial, interest (both pre- and post-judgment), the cost of this action, and for any other and further relief this Court or a jury deems appropriate.

<strong><u>COUNT VII</u><br>Quantum Meruit</strong>

38.        Plaintiff realleges and reasserts each and every allegation set forth in Paragraphs

1-37 as if each were set forth herein.

39.	In the alternative to Count VI, should it be determined that Plaintiff did not have

an employment contract with Monument, Plaintiff performed carpenter work for Monument

under circumstances in which Plaintiff and Monument reasonably expected that Plaintiff would

be compensated reasonably by Monument for his work.

40.	Monument has failed to pay Plaintiff the reasonable value of the carpenter

services rendered.  It would be unjust and inequitable for Monument to be able to benefit by the

value of the services rendered by Plaintiff without paying for those services.

WHEREFORE, Monument is liable to Plaintiff under Count VII, for damages in such an

amount to be proven at trial, interest (both pre- and post-judgment), the cost of this action, and

for any other and further relief this Court or a jury deems appropriate.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

Philip B. Zipin, Bar No. 367362
Gregg C. Greenberg, Bar No. MD17291
The Zipin Law Firm, LLC
8403 Colesville Road, Suite 610
Silver Spring, Maryland 20910
Phone: 301-587-9373
Fax: 301-587-9397
Email: pzipin@zipinlaw.com
            ggreenberg@zipinlaw.com

*Counsel for Plaintiff*